AIDA M. DELGADO-COLÓN, United States District Judge
Before the Court is plaintiff Urban Financial of America, LLC's ("plaintiff") duplicative motions for reconsideration and relief under Rule 60(b)(1), requesting that the Court vacate its order dismissing the case without prejudice for failure to prosecute. ECF Nos. 59, 62 . The motion at ECF No. 59 is DENIED . The motion at ECF No. 62 is MOOT . Plaintiff has woefully failed in its duty to diligently prosecute this foreclosure case, which is over three years old, despite numerous opportunities by the Court to rectify its repeated failings.
I. Background
Plaintiff filed the present case on November 18, 2015. ECF No. 1 . Plaintiff served defendant United States of America ("USA") on December 5, 2015, and requested service by publication as to the remaining co-defendants Carmelo De Jesús-Rosario, Mercedes Herrera-López, and Conjugal Partnership De Jesús-Herrera ("the homeowners") on December 30, 2015. ECF Nos. 4, 8 . On January 19, 2016, the Court denied plaintiff's request for service by publication because plaintiff failed to demonstrate "the requisite due diligence *239 required by Rule 4.6 of the Puerto Rico Rules of Civil Procedure" to warrant service by publication. ECF No. 9 .
Plaintiff requested, and the Court granted, the issuance of new summons for the homeowners. ECF Nos. 10, 12 . Plaintiff later returned to the Court with a second motion for service by publication, which the Court denied in an order entered on June 9, 2016. ECF Nos. 15, 16 . The Court noted that plaintiff yet again failed to exhibit the necessary diligence to warrant service by publication, admonishing plaintiff for the "unacceptable" tactic of submitting "the same process server affidavit used in support of its first motion, which this Court found inadequate." ECF No. 16 at 1. The Court explained in depth the requirements for service by publication and the need to strictly adhere to the same. Id. at 1-3. The Court noted that although service should have been completed in this case by March 17, 2016, good cause existed to allot plaintiff another thirty days from the date of the order-until July 7, 2016-to effectuate service. Id. at 3.
Shortly thereafter, on June 13, 2016, plaintiff filed a third motion for service by publication, appending an adequate due diligence statement and explaining that the homeowners now lived in Florida. ECF Nos. 17 . In this third request, the process server's affidavit indicated that he visited additional neighbors, city offices, and people-finder websites to confirm the homeowners' out-of-state residence. ECF 17-1 . Presumably, all of these search measures were available to plaintiff months earlier, when it first encountered difficultly in effectuating service. Id.
Nonetheless, the Court granted the third request for service by publication. ECF Nos. 18, 19, 20 . Summons by publication was published on August 23, 2016, and plaintiff moved for entry of default against all defendants on December 6, 2016. ECF Nos. 21, 25 . On December 28, 2016, the Court denied the motion for entry of default. ECF No. 27 . The Court held, "Plaintiff has not shown that it complied with the certified mailing requirement [for service by publication] set forth in the Order at ECF No. 19. To be valid, the mailing must have occurred within 10 days of the publication of the summons." ECF No. 27. The Court noted that plaintiff also did not timely serve process on the USA in Washington, D.C., having delivered its certified mailing to the post office around December 7, 2016, more than one year after filing its complaint. ECF Nos. 28, 26-1 . Accordingly, the Court gave plaintiff fourteen days to show cause as to why the case should not be dismissed for these ongoing failures to properly effectuate service. ECF Nos. 27, 28 .
On January 17, 2017, with the Court's allowance of more time to comply, plaintiff submitted a motion in compliance with the order to show cause. ECF Nos. 29, 30, 31 . In its compliance motion, plaintiff, "sincerely apologize[d] for the delay this situation has caused," explained the prejudice it would face if dismissal was imposed, and requested, "in the interest of justice," that the Court "quash service upon [the homeowners and] reissue summons by publication, and deem service upon the United States complete or in the alternative grant an extension of time to complete service." ECF No. 30 at 9. On August 8, 2017, the Court granted the request and allotted plaintiff another fifteen days properly serve the USA. ECF No. 33 . Plaintiff timely executed the newest summons upon the USA, without providing proof of service upon the Attorney General in Washington, D.C., and requested until October 7, 2017, to serve the homeowners. ECF Nos. 34, 35, 36, 37, 40 . Plaintiff then requested an additional extension to serve the homeowners, until November 25, 2017, in light of the impact of Hurricane María on Puerto *240 Rico, and submitted proof of proper service on November 28, 2017. ECF Nos. 39, 41 . At this juncture, the Department of Housing and Urban Development began issuing moratoriums on certain mortgage foreclosure actions in Puerto Rico. ECF Nos. 42, 43 . The case remained in a stayed status until October 1, 2018. ECF Nos. 46, 49, 51 .
On October 24, 2018, plaintiff filed a motion for default entry against all defendants. ECF No. 53 . On November 1, 2018, the Court held the motion in abeyance in light of plaintiff's failure to, again, provide proof of timely service upon the USA in both Puerto Rico and Washington, D.C. in accordance with Federal Rule of Civil Procedure 4(i). ECF No. 55 . The Court allotted plaintiff ten days to comply, noting that "[f]ailure to timely comply will result in dismissal without prejudice of defendant USA." Id. The Court permitted plaintiff to perfect service upon the USA "during this time frame." Id. The Court also requested "proof or a sworn statement attesting to the [homeowner] defendants' competency," to warrant entry of default against them pursuant to Local Rule 55(b)(2). Id.
Plaintiff failed to timely respond to either order. On December 12, 2018, the Court dismissed the USA without prejudice and allotted plaintiff another ten days to submit proof of the homeowner's competency, noting that its non-compliance will result in dismissal of the case for failure to prosecute. ECF No. 56 . Having received no response from plaintiff by February 25, 2019, well after the compliance due date, the Court dismissed the case without prejudice for failure to prosecute. ECF No. 58 .
On February 28, 2019, plaintiff moved for reconsideration under Federal Rule of Civil Procedure 60(b)(1). ECF No. 59 .
II. Legal Standard
Rule 60(b) of the Federal Rules of Civil Procedure grants a court the discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding" for specific enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1) ; see also Dávila-Álvarez v.Escuela de Medicina Universidad Cent. del Caribe , 257 F.3d 58, 63 (1st Cir. 2001). "Because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." Dávila-Álvarez , 257 F.3d at 64 (citation and internal quotation marks omitted). To justify relief for excusable neglect, a party should be "faultless in the delay." Id. at 67 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ). Neglect arising from, e.g., counsel's busyness or confusion over due dates, is not excusable under Rule 60(b)(1). See, e.g., Stonkus v. City of Brockton Sch. Dep't , 322 F.3d 97, 101 (1st Cir. 2003). "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." Id. (citation and internal quotation marks omitted).
Federal Rule of Civil Procedure 41(b) permits a court to enter an involuntary dismissal. "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor , 312 F.3d 522, 525-26 (1st Cir. 2002). "Lack of diligent prosecution is such a reason." Id.
III. Analysis
Plaintiff offers its "most sincere apologies for the non compliance of this Honorable Court's orders," noting that the undersigned "was recently assigned to the present caption case and was in the process *241 of verifying the same when the Judgement dismissing the case was entered on February 25, 2019." ECF No. 59 at 2. Plaintiff "assures" the Court that if reconsideration is granted, the case will now be diligently and timely prosecuted. Id. In support, plaintiff purports to provide the information the Court initially requested on November 1, 2018. Plaintiff appends to its motion alleged proof that the USA was timely and properly served. ECF Nos. 59-1; 59-2 . And plaintiff explains that it cannot "responsibly submit proof or a sworn statement attesting to the [homeowner] defendant['s] competency as their whereabouts is unknown." ECF No. 59 at 4.
Plaintiff's apology is not accepted. The Court has exercised "extraordinary patience" with plaintiff in this case. See Cintrón-Lorenzo , 312 F.3d at 526. Plaintiff's neglect in the face of the Court's patience is inexcusable and plaintiff's sole explanation for its failures is disingenuous. The motion for reconsideration blames plaintiff's non-compliance with the Court's final show cause orders on its undersigned-attorney's newness to the case, stating that he serendipitously began reviewing the case files when the Court entered dismissal. Counsel José Vázquez-Lozada did not enter a notice of appearance in the case until requesting reconsideration, suggesting that he indeed had not been working on the case until its dismissal. Moreover, he belongs to and is one of the several other attorneys within the law firm Robertson Anschutz & Schneid, P.L., which has been counsel of record for plaintiff since August 26, 2016. See ECF Nos. 22, 48, 60 . The record reflects that Attorneys Andres Saez-Marrero and Jeannine M. Carlo-Meléndez from Robertson Anschutz & Schneid, P.L., have also appeared as attorneys of record. Thus, to suggest that counsel Vázquez-Lozada did not have notice of the case's precarious status until it was too late amounts to an admission that the law firm was lackadaisical, if not negligent, in its prosecution of the case. Plaintiff offers no other explanation for its repeated failures to comply with the Court's orders.
Moreover, assurances by counsel that it will hereinafter diligently prosecute the case is hardly confidence inspiring, after over three years of failing to properly execute a fundamental and basic aspect of its lawsuit-serving the defendants. Plaintiff's inclusion of proof of service upon the USA in its motion for reconsideration is remarkably untimely. The Court gave plaintiff an abundance of opportunities to comply, indeed, over three years, yet plaintiff repeated the same fundamental errors time and again. Additionally, plaintiff's assertion that it simply cannot attest to the homeowners' competency does not satisfy the standard of Local Rule 55(b). Plaintiff's counsel will have to diligently cross-reference and comply with the local rules, before it seeks relief under it in this and future cases. Its statement, months past the Court's deadline, that it does not know how to comply as an excuse or argument for the Court to find compliance, unavailing.
Plaintiff's failures in this case are substantial enough to warrant sanctions beyond dismissal without prejudice. However, in the present matter, the Court considers dismissal without prejudice, and the attendant consequence upon plaintiff's counsel of having to explain its failings to its client, an adequate sanction.
IV. Conclusion
The motion for reconsideration is DENIED . ECF No. 59 . The duplicative motion at ECF No. 62 is MOOT .
SO ORDERED .